UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACKELINE MATHIAS AGUIAR, by and through her next best friend HOLLI BEASLEY WARGO, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | 3:07-cv-1453 (WWE) |
| MICHAEL MUKASEY, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; JULIE MYERS, Assistant Secretary Immigration Customs Enforcement; GEORGE E. SULLIVAN, Officer-in-Charge of Detention and Removal Operations; EMILIO GONZALEZ, Director of United States Citizenship and Immigration Services Defendant. | : : : : : : : : : : | |

**MEMORANDUM OF DECISION ON
DEFENDANTS' MOTION TO DISMISS**

This action represents a collateral challenge by plaintiff Jackeline Mathias Aguiar of the removal of her father, Nicercio Jose Procopio, from the United States. This action is for declaratory judgment and injunctive relief to stop the removal of plaintiff's father. Now pending before the Court is the defendants' Motion to Dismiss (Doc. #17).

For the reasons addressed below, this Court lacks subject matter jurisdiction over plaintiff's claims, and therefore, defendants' Motion to Dismiss will be granted.

**BACKGROUND**

For purposes of ruling on the Motion, the Court takes the facts alleged in

1

the first amended complaint to be true.

Plaintiff is a minor child and a natural-born citizen of the United States. Defendants are various federal government officials sued in their official capacities.

Plaintiff's father, not a party to this action, was ordered to be removed from the United States by the immigration court on September 2, 2005, a decision which was affirmed by the Board of Immigration Appeals ("BIA"). Subsequently, and since the filing of the parties' instant motion papers, the Court of Appeals for the Second Circuit dismissed Propocio's petition for appellate review. See Procopio v. Mukasey, 2008 U.S. App. LEXIS 5703 (2d. Cir. Mar. 18, 2008). In her first amended complaint, plaintiff alleges that her interests were not properly represented before the immigration court and, therefore, her rights to live in the United States, to have access to property in the United States and to remain with her family were violated.

She claims that (1) this action denied her of her property interest in her parents without due process of law; (2) the immigration court lacked jurisdiction to remove her father without adjudicating her interests as she could not appear before that court pursuant to 8 U.S.C. § 1101 and 8 C.F.R. § 1003.10; (3) she is being denied equal protection of the law because she was born to foreign-born parents who are being removed from the United States and that she must emigrate with them; (4) the immigration court is forcing her to enter a foreign country[1] and become a citizen there; and (5) section 240A(b) of the Immigration and Naturalization Act ("INA") violated her Fifth Amendment rights by not allowing her to appear before the immigration courts.

---

[1] Specifically, Brazil, the country from which her father emigrated.

In their motion, defendants contend that (1) this Court lacks subject matter jurisdiction over plaintiff's claims because the INA bars judicial review of decisions; (2) plaintiff does not possess a sufficient interest to collaterally attack the BIA's decision; (3) plaintiff's equal protection rights have not been violated; (4) plaintiff is not being forced to become a foreign citizen; and (5) plaintiff does not have standing to assert her claim under 8 U.S.C. § 1229b.

## DISCUSSION

A case is dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court possesses neither the statutory nor the constitutional power to adjudicate it. Alkeylani v. Dep't of Homeland Security, 514 F. Supp. 2d 258, 261 (D. Conn. 2007). See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). As the party asserting subject matter jurisdiction, plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. The Court should not draw argumentative inferences in plaintiff's favor. Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l., Ltd., 968 F.2d 196, 198 (2d Cir. 1992). The court may consider evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

If the court finds that it must dismiss the action because of the lack of subject matter jurisdiction, "the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Ala. Ins. Guaranty Ass'n., 896 F.2d 674, 678 (2d Cir. 1990).

Defendants allege that the Court lacks subject matter jurisdiction over plaintiff's action under 8 U.S.C. § 1252(b)(9), which provides in relevant part:

> Consolidation of questions for judicial review. Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

See also Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482-83 (1999) (finding that section 1252(b)(9) is a "zipper clause" that channels judicial review of all deportation decisions and actions); Aguilar v. United States Immigration & Customs Enforcement Div. of the Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007) (Section 1252(b)(9) "was designed to consolidate and channel review of all legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals.... In enacting section 1252(b)(9), Congress plainly intended to put an end to the scattershot and piecemeal nature of the review process that previously had held sway in regard to removal proceedings."). The law further provides that a direct appeal to the court of

appeals is "the sole and exclusive means for judicial review of an order of removal...." 8 U.S.C. § 1252(a)(5).

These sections preclude this Court from exercising subject matter jurisdiction over plaintiff's claims. This Court is powerless to order the relief requested by plaintiff as Congress has mandated that this Court cannot overturn or reverse the decision of the immigration court or the reviewing Court of Appeals. See Ishak v. Gonzales, 422 F.3d 22, 27-28 (1st Cir. 2005) ("[T]he Real ID Act ... deprives the district courts of jurisdiction in removal cases."). This holds true regardless of whether the case is a direct or collateral challenge by a third party.

Plaintiff contends that this Court has jurisdiction to intervene because she lacked the power to intervene in the immigration court and at the BIA. The INA provides that plaintiff has no rights to collaterally challenge her father's removal order. Congress has established a procedure through which a removal order can be changed, a procedure that does not include the ability to collaterally challenge such an order in the district court. See 8 U.S.C. § 1252(a)(5); see also Aguilar, 510 F.3d at 17 ("While 'every right, when withheld, must have a remedy, and every injury its proper redress,' Congress has wide latitude in choosing which remedy or remedies are appropriate for the violation of a particular constitutional right.") (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 147 (1803)). Plaintiff's arguments that section 1252(a)(5) does not apply to United States citizens is not supported by the text of the statute, and she cites no case that supports her reading of the statute. Section 1252(b)(9) does exclude certain claims, but only those claims independent of removal. See Aguilar, 510 F.3d at 11. Plaintiff's challenge to her father's removal is not independent of a removal order and is

5

thus included within section 1252(b)(9)'s limit of jurisdiction.

Plaintiff's claim that the removal of her father would result in her loss of companionship and that such interest should be taken into account during the removal process could have been addressed by her father in the course of the proceedings. See Payne-Barahona v. Gonzales, 474 F.3d 1 (1st Cir. 2007) (recognizing that a deportee may assert the interests of his children in challenging his removal); see also Aguilar, 510 F.3d at 11 (excluding claims that "cannot be raised efficaciously within the administrative proceedings delineated in the INA" from the "arising from" limit of section 1252(b)(9)).

Because the INA forecloses the Court from exercising its jurisdiction over plaintiff's claim, defendants' motion to dismiss will be granted.[2]

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss (Doc. #17) is GRANTED. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 24th day of April, 2008.

/w/
Warren W. Eginton
Senior United States District Judge

---

[2] The Court is mindful, as the Aguilar Court was, of "the concerns raised by [plaintiff] and are conscious that undocumented workers, like all persons who are on American soil, have certain inalienable rights. But in the first instance, it is Congress -- not the judiciary -- that has the responsibility of prescribing a framework for the vindication of those rights. When Congress speaks clearly and formulates a regime that satisfies constitutional imperatives, the courts must follow Congress's lead. In that sense, it does not matter whether a court approves or disapproves of an agency's modus operandi." 510 F.3d at 24.