UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACKELINE MATHIAS AGUIAR, by and through her next best friend HOLLI BEASLEY WARGO, Plaintiff, | : : : : : | |
| v. | : : | 3:07-cv-1453 (WWE) |
| MICHAEL MUKASEY, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; JULIE MYERS, Assistant Secretary Immigration Customs Enforcement; GEORGE E. SULLIVAN, Officer-in-Charge of Detention and Removal Operations; EMILIO GONZALEZ, Director of United States Citizenship and Immigration Services, Defendants. | : : : : : : : : : : : | |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Jackeline Mathias Aguiar has filed a motion asking the Court to reconsider its order granting defendants' motion to dismiss entered on April 24, 2008 (Doc. #19).

## FACTS

The underlying facts and identities of the parties are set forth in the Court's April 24 order. On May 2, 2008, plaintiff filed the instant motion for reconsideration on the grounds that the Court overlooked relevant case law.

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

1

Local R. Civ. Proc. 7(c)(1). Such a motion should be granted only where the court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

To the extent that plaintiff seeks a declaratory judgment that her rights were violated by her father's detention and removal, this action is a collateral challenge not included within the zipper clause of 8 U.S.C. § 1252(b)(9).

In seeking a declaration of rights, however, plaintiff must establish that the Court has the authority to grant the relief she seeks. As the Court of Appeals for the Second Circuit recently discussed, a party seeking a declaration that its rights were violated in a removal proceeding must demonstrate that her action is included within the "case and controversy" requirement of Article III of the Constitution. Arar v. Ashcroft, 2008 U.S. App. LEXIS 13732 (2d Cir. June 30, 2008). If the action is not a case or controversy under the Constitution, plaintiff has no standing to assert it.

The Supreme Court has stated that the Constitution requires:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, [affecting the plaintiff in a personal and individual way] and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

2

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiff bears the burden of establishing these elements.

In Arar, the Court of Appeals found that plaintiff-alien lacked standing for a declaratory judgment because he failed the redressability prong of the Lujan test. That is, even if plaintiff's rights had been violated, the Court could do nothing to rectify that violation insofar as he was not challenging his removal in the district court proceeding below. Arar, 2008 U.S. App. LEXIS 13732 at *97 ("We conclude that Arar's claimed injury – namely, the bar to his re-entry to the United States pursuant to a removal order, the lawfulness of which he does not challenge – is not likely to be redressed (indeed, cannot be redressed) by the declaratory judgment he seeks.").

The same is true here. Plaintiff seeks a declaratory judgment that the process of her father's removal violated her rights, but does not challenge his removal itself – a removal order which this Court lacks any power to change. Should the Court grant plaintiff's requested relief, it would not change the reality of her father's removal. Thus, plaintiff has no standing to seek the relief requested.

Plaintiff's argument that a district court has jurisdiction over "substantive due process claims that are collateral to removal proceedings when those claims challenge decisions about the detention and transfer of aliens on family integrity grounds" does not change this conclusion. Aguilar v. United States Immigration & Customs Enforcement Div. of the Dep't of Homeland Sec., 510 F.3d 1, 21 (1st Cir. 2007).

In Aguilar, petitioner-aliens challenged their removal on the grounds that the process of the removal violated their rights as parents pursuant to the Fifth Amendment to make decisions related to their families. The Court of Appeals for the First Circuit

3

found that this challenge was not foreclosed by 8 U.S.C. § 1252(b)(9) and that the district court did have jurisdiction to hear that claim. In reviewing the claim, however, the Court of Appeals found that the government's actions were reasonable given the circumstances and that there was no deprivations of the petitioners' constitutional rights. The court ruled that "the evenhanded enforcement of the immigration laws, in and of itself, cannot conceivably be held to violate substantive due process." Aguilar, 510 F.3d at 22. Therefore, even though the detention of the aliens interfered with their family integrity, such interference did not rise to the level of a constitutional violation.

The key distinction between Aguilar and this case is that in Aguilar, the aliens themselves challenged their own removal. Here, plaintiff is challenging the removal of her father based on the effects of that removal on her. Aguilar does not create jurisdiction for the collateral challenge by a child of a parent's removal based on family integrity grounds.

Finally, the challenge to plaintiff's constructive removal must also fail. Defendants are forcing plaintiff's father, not plaintiff herself, to leave the country. As plaintiff is a United States citizen, she is free to remain within its borders. In addition, should she choose to leave the country, she remains a citizen and may return when she is able to do so. See Ayala-Flores v. Immigration & Naturalization Service, 662 F.2d 444 (6th Cir. 1981) (denying challenge of removal by parents on the grounds that their child would be constructively denied her citizenship rights); Payne-Barahona v. Gonzales, 474 F.3d 1, 3 n.1 (1st Cir. 2007) (holding same under the current immigration law and citing cases); see also Schneider v. Rusk, 377 U.S. 163, 168-69 (1964) ("A native-born citizen is free to reside abroad indefinitely without suffering loss of

4

citizenship.... Living abroad, whether the citizen be naturalized or native born, is no badge of lack of allegiance and in no way evidences a voluntary renunciation of nationality and allegiance."). Plaintiff's view of the effects of her father's removal upon her citizenship status is therefore misguided.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration (Doc. #21). Upon review, the Court adheres to its previous ruling.

Dated at Bridgeport, Connecticut, this 7th day of July, 2008.

                                         /s/
                                Warren W. Eginton
                                Senior United States District Judge